**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**PATRICIA MOORE**                                                                **PLAINTIFF**

**V.**                     **CASE NO.: 2:12CV00111 BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**[1]                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Moore appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the decision of the Commissioner must be REVERSED and REMANDED.

**I.**     **Background**

On July 15, 2009, Ms. Moore filed for DIB, alleging disability beginning on January 6, 2009, due to a nervous disorder, diabetes mellitus, a short leg, and hip, leg, and back pain. (Tr. 117, 123) Ms. Moore's claims were denied initially and upon reconsideration. At her request, an Administrative Law Judge ("ALJ") held a hearing on December 8, 2010, at which Ms. Moore appeared with her attorney. (Tr. 24) During the

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. She has been substituted for named Defendant Michael J. Astrue under Fed.R.Civ.P. 25.

hearing, the ALJ heard testimony from Ms. Moore and a vocational expert ("VE"). (Tr. 24-55)

The ALJ issued a decision on January 28, 2011, finding that Ms. Moore was not disabled under the Act. (Tr. 13-20) On April 26, 2012, the Appeals Council denied Ms. Moore's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-5)

Ms. Moore was fifty-seven years old at the time of the hearing. (Tr. 29) She lived with her two daughters and three grandchildren. (Tr. 29) She had completed high school and had some college credits. (Tr. 30) At the time of the hearing, she was working four hours a day answering telephones. (Tr. 30-31) Ms. Moore testified that she had to take pain medication and Valium in order to work for a four-hour period. (Tr. 31)

## II.     Decision of the Administrative Law Judge

The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g) (2005).

The ALJ found that Ms. Moore had worked, but had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 15) And she found that Ms. Moore had the following severe impairments: diabetes mellitus and osteoarthrosis. (Tr. 15) The ALJ found that Ms. Moore's hypertension and adjustment disorder were nonsevere. (Tr. 15-16) The ALJ found that Ms. Moore did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1526). (Tr. 17)

The ALJ determined that Ms. Moore had the residual functional capacity ("RFC") to perform light work, except that she could only occasionally climb ramps and stairs and could never climb ladders due to shaking in her hands. She could occasionally balance, stoop, kneel, crouch, and crawl. She would also need the option to sit or stand at will. (Tr. 17-20)

After hearing VE testimony, the ALJ determined that Ms. Moore was capable of performing her past relevant work as a registration clerk, accounts receivable supervisor, and telephone answer operator. (Tr. 20, 53-54) Because the ALJ determined that Ms. Moore could perform past relevant work, she denied benefits at Step Four. (Tr. 20) See 20 C.F.R. § 404.1520(a)(4)(iv).

**III.** <u>Analysis</u>

  A. *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

Ms. Moore arguges that the ALJ's decision was not supported by substantial evidence because the ALJ erred in finding that she could return to her past relevant work. (#11) Ms. Moore bases this argument on the ALJ's credibility determination and the limited weight given to the opinions of treating physician. (#11, pp. 9-15)

  A. *Treating Physician's Opinion on Disability*

Ms. Moore argues that the ALJ improperly discounted the opinion of her treating physician, Thomas O. Bailey, M.D. Dr. Bailey noted on several occasions that he did not think Ms. Moore could work. (Tr. 226, 227) This argument is not well taken because a

physician's opinion that a claimant is disabled is not entitled to deference. See *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007) ("A treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination").

After the ALJ had issued her decision, Dr. Bailey described specific limitations in an update to Ms. Moore's medical condition. (Tr. 233) The stated limitations directly conflict with the ALJ's determination that Ms. Moore could perform light work. (Tr. 17, 233) Unfortunately for Ms. Moore, this evidence was not available to the ALJ before she denied the application. Based on the medical record before the ALJ, she did not err in discounting Dr. Bailey's opinion that Ms. Moore was unable to work.

D. *Credibility Determination*

Under 20 C.F.R. § 404.1529, an ALJ must consider all symptoms, including pain, and the extent to which those symptoms are consistent with the objective medical evidence. The ALJ must also consider specific factors when evaluating a claimant's subjective allegations and complaints. *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984). An ALJ's conclusions may be upheld if the record as a whole supports them. *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001). Ms. Moore argues the ALJ performed a cursory and incomplete credibility assessment. (#11, p. 9-11)

Ms. Moore testified at the hearing that her hand tremors and chronic pain precluded her from working full-time and that she had not been able to drive for some

time.  (Tr. 29)  She testified that she had to take pain medication and Valium to perform her part-time work.  (Tr. 31, 42)  The ALJ found that this part-time work was not performed at a level considered to be substantial gainful activity.  (Tr. 15)  Ms. Moore missed days from this part-time work due to pain.  (Tr. 40)  She also noted significant limitations in sitting and standing due to pain.  (Tr. 32, 33, 39, 46, 48)

Ms. Moore testified about shaking in both hands.  (Tr. 33-36, 44, 49)  She used pain medication and Valium daily to control both her pain and shaking.  (Tr. 36)  Several of her past coworkers provided third-party statements corroborating Ms. Moore's testimony about her pain and hand tremors.  (Tr. 228-229, 230)

The ALJ stated that Ms. Moore's treating physician did not specifically mention tremors.  (Tr. 37-38) This is true, but at least one physician did note that Ms. Moore had "noticeable hand tremors."  (Tr. 193)

In her credibility analysis, the ALJ briefly noted some of the factors relevant to credibility, but she did not discuss how the factors applied to the evidence in this case. (Tr. 18-19)  The ALJ provided only the following three-sentence analysis:

> The claimant has not provided a credible recitation of factors relating to the nature, location, onset, duration, frequency, radiation, and intensity of her pain.  There is no indication that claimant requires pain management beyond over the counter analgesics.  By self report, she has never been prescribed a special treatment that didn't work.  (Tr. 19)

As set out above, the ALJ's observation that Ms. Moore required only over-the-counter analgesics is not supported by the record.  Ms. Moore testified that she took pain pills.

She testified that she required the pain medication to perform part-time work. (Tr. 31, 42) Contrary to the ALJ's finding, the medical record shows prescriptions for Darvocet, Lortab, Lyrica, and Valium. (Tr. 216, 222-223) Ms. Moore even described side effects from her pain medication usage. (Tr. 33, 40, 42)

The Commissioner argues that the medical records were unclear as to what medications were prescribed for Ms. Moore's various ailments. (#12, p. 13) If the records were unclear, the ALJ should have resolved the discrepancy rather than assume that Ms. Moore's pain management did not require prescription medications, particularly in the light of clear evidence that Ms. Moore did take prescription pain medications.

Even though credibility was a central issue in this case, the ALJ's discussion was surprisingly brief. See *Curran-Kicksey v. Barnhart*, 315 F.3d 964, 968 (8th Cir. 2003) (objective medical evidence, prior work history, daily activities, duration, frequency, and intensity of pain, precipitating or aggravating factors, dosage, effectiveness, and side effects of medication, and functional restrictions are all factors to consider when assessing the credibility of a claimant's subjective allegations). An ALJ is not required to discuss each *Polaski* factor, of course, but she must acknowledge and consider the factors before discounting a claimant's subjective complaints. *Jones v. Astrue*, 619 F.3d 963, 975 (8th Cir. 2010)(citing *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Here, the ALJ's brief discussion discounting Ms. Moore's credibility leaves the Court to guess whether she considered relevant factors.

In addition, despite Ms. Moore's testimony, third party statements, and at least one physician observing "noticeable hand tremors," the ALJ failed to discuss limitations related to shaking or hand tremors beyond restricting her ability to climb ladders. (Tr. 17, 33-36, 44, 49, 193, 228-229, 230) This was error. If hand tremors affected her ability to hold onto rungs of a ladder, surely Ms. Moore's abilities to work with her hands also would have been affected.[2]

## IV. Conclusion

After considering the record as a whole, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Therefore, the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 24th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The ALJ found that Ms. Moore could not climb ladders due to shaking, but did not find that Ms. Moore suffered from any severe impairment that would cause tremors. (Tr. 15-17) Based on her finding that Ms. Moore could not climb ladders due to shaking, the ALJ apparently found evidence of tremors to be credible; yet she did not include any limitations on Ms. Moore's ability to drive, write, type, or use a telephone. The ALJ did not explain the contradiction, and the Court cannot. (Tr. 17-20)